ISAAC H. WEBB, plaintiff in error, vs. DAVID WYNN, executor of THOMAS H. WYNN, deceased, defendants in error.

Although the remedy at law may appear adequate, yet if a Judge enjoins a common law case, pending in his own Court, and there is not a manifest abuse of his discretion, the Supreme Court will not interfere.

Motion to Dissolve Injunction.    Decided by Judge WORRILL.    At Chambers.    July, 1866.

Thomas H. Wynn died in June, 1861, indebted to Webb, the plaintiff in error, on two prommissory notes for one thousand dollars each, given in the year 1859, for the purchase money of land.    One of said notes matured in January, 1861, and the other in January, 1862.    Upon one of them, Wynn's executor, the defendant in error, paid $300.00, in November, 1861, and Webb then took both notes home with him to the State of Louisiana, and there kept them.

In reply to a letter written by the executor to Webb, early in 1863, Webb wrote the following:

"SPRINGFIELD, LA., March 16th, 1863.

"DR. WYNN,
            "SIR:

"I received yours of the 31st January, "and was glad to hear from you and friends.    I got your "letter on Saturday, and answer it by the first mail.    You "say in your letter that you want me to come after my "money.    Well, sir, I will say to you that there is no chance "to pass at this time.    The waters are so high, and the "Yankees in the way, that I can't pass, and don't know when "I can, but will as soon as I can—I will do so.    I don't "want to injure the estate one cent, and you can get bonds "of the Confederate States, and they will pay the interest, "and there will be nobody injured; and if you can send it "by any safe hand, why, do so, but not at my risk, and if "not, hold it in your hands till I come.

            "I am, sir, yours respectfully,
                        "ISAAC H. WEBB."

He also wrote to his daughter, Mrs. Sims, requesting her husband, Mr. Sims, to see the executor and have him to fund the money in Confederate States bonds ; and Sims saw the executor accordingly and delivered this message.

The executor, immediately after receiving the foregoing letter addressed to him, purchased for Webb eight per cent. bonds of the Confederate States, amounting to $2.500.00, which bonds he still has.   Having so done, he proceeded to make distribution of the balance of the assets belonging to his testator's estate, reserving only enough to cover a sum in dispute between the widow and the other heirs.   He, however, took refunding bonds from the distributees.

In 1866, Webb sued the executor on the notes, and the latter filed his bill to enjoin the action.   The injunction was granted, and Webb (or his attorney, by consent,) answered the bill, and moved to dissolve the injunction.   The grounds of the motion were :

1st. That there was no equity in the bill,—that the executor's defence was good at law, ample, and complete.

2d. That the equity of the bill (if any) was sworn off by the answer.

The Judge refused to dissolve the injunction, and this is alleged as error.

BURTS, for plaintiff in error.

RAIFORD, for defendant.

LUMPKIN, C. J.

Ought this injunction to have been dissolved?   The fact that the Chancellor thought not, would be sufficient to control us in a case like this.   As we have said in other cases, if his discretion has not been grossly abused, we should not reverse him.   He had the whole matter before him, both the action at common law and the bill in equity.   He did not go out of his Circuit to interfere with litigation not be-

fore him, but with all the parties in his jurisdiction, he thinks it best to retain the bill. Perhaps the defence could be available at law; for, though not technically a plea of payment, nor of accord and satisfaction, yet I see not, under our Judiciary, which requires the party defendant plainly, fully and distinctly to set forth his cause of defence and submit his case to the jury—I say, I see no fatal obstacle in the way. He might not have encountered any difficulty in the proof; but why should the defendant in the bill object to the bill, as it calls for his answer, which he has filed, thus giving him the benefit of his own oath?

By the decree in equity, the notes can be delivered up and be canceled, and thus annoy Wynn's estate no more. This, too, can be done at common law; which, by its enlarged powers, granted to it by the Legislature, can so mould the remedy as to mete out justice to both parties. Suffice it to repeat, that Judge WORRILL, presiding in both Courts, thought it best to retain the bill; and, inasmuch as the case has progressed so far in equity, and there is not much more delay or expense in one tribunal than the other, we do not see proper to control the Judge.

Judgment affirmed.