# CHARLESTON.

SAYRE'S ADM'R *v.* HARPOLD *et al.*

*(ENGLISH, JUDGE, absent.)*

Submitted January 22, 1890.—Decided March 15, 1890.

1. RES JUDICATA—ERRONEOUS RULING.
    An adjudication by a court having jurisdiction of the subject-matter and the parties is final and conclusive, not only as to the matters actually determined, but as to every other matter which the parties might have litigated as incident thereto and coming within the legitimate purview of the subject-matter of the action. It is not essential that the matter should have been formally put in issue in a former suit, but it is sufficient that the *status* of the suit was such that the parties might have had the matter disposed of on its merits. An erroneous ruling of the court will not prevent the matter from being *res judicata.*

2. RES JUDICATA—SERVICE OF PROCESS—APPEARANCE.
    The above rule applies not only to judgments and decrees of the courts of the same State, but to the judgments and decrees of the courts of any State of the Union whenever questioned in any sister State, provided there was personal service or an appearance of the parties to the first suit.

3. RES JUDICATA—INSOLVENCY—INJUNCTION—SET-OFF.
    The mere insolvency of a judgment-creditor will not, of itself, justify an injunction against the enforcement of a judgment at law in order to let in a set-off which might have been pleaded at law at the time such judgment was recovered.

*Tomlinson & Wiley* and *C. E. Hogg* for appellant.

*Simpson & Howard* and *J. B. Menager* for appellee.

SNYDER, PRESIDENT :

On August 13, 1878, E. C. Harpold made his negotiable note for $562.00 payable thirty days after date to the order of Tyro Mill Co. at the First City Bank, Pomeroy, Ohio.

| 33 | 553 |
|----|-----|
| 37 | 173 |
| 37 | 418 |
| 33 | 553 |
| 40 | 656 |
| 33 | 553 |
| 42 | 369 |
| 33 | 553 |
| 44 | 549 |
| 45 | 96 |
| 45 | 703 |
| 33 | 553 |
| 47 | 47 |
| 47 | 49 |
| 33 | 553 |
| 48 | 455 |
| 48 | 468 |
| 48 | 595 |
| 33 | 553 |
| 49 | 131 |
| 49 | 133 |
| f49 | 476 |
| 50 | 504 |
| 33 | 553 |
| 51 | 372 |
| 33 | 553 |
| 54 | 87 |
| 54 | 101 |
| 54 | 593 |
| 33 | 553 |
| 55 | 268 |

*Counsel below.

Before maturity this note became the property of John W. Sayre. In the Fall of 1879 said Sayre hired from Julia W. Harpold, the wife of said E. C. Harpold, a certain barge, named the "Hattie," to use in carrying a cargo of freight from the City of Pomeroy, Ohio, to New Orleans, Louisiana, and agreed to pay for the use of said barge the one half of the amount received by him for the freight carried on said trip, and further to return barge to the plaintiff. At the same time the said Julia W. Harpold delivered to said Sayre an order in writing signed by her directing him to apply so much of her share of the earnings of the barge "Hattie" on said trip as would pay off the aforesaid note of her husband and pay the residue of said earnings to her husband for her. Under this arrangement Sayre took possession of the barge and made the trip to New Orleans, but on the way back the barge was lost in the Mississippi river and never returned. In May, 1883, Julia W. Harpold and E. C. Harpold her husband, brought an action in the Circuit Court of the city of St. Louis in the state of Missouri to recover $840.00 as the one half of the earnings of said barge and $3,000.00 as the value of the said barge. Personal service to answer said action was had in the city of St. Louis on said Sayre, and he appeared thereto by counsel, at first, for the purpose only of moving to dismiss the case on the ground that he was a non-resident of the state of Missouri, and had been improperly enticed to come to St. Louis by the plaintiffs for the purpose of serving the summons upon him, but afterwards he appeared and on his motion the case was transferred to the Circuit Court of the United States for the Eastern district of Missouri. After the case had been so removed the defendant Sayre filed in said last mentioned Court his answer to the plaintiffs' petition in which he denied all and singular the allegations of said petition. And thereupon on September 27, 1884 the case was tried by a jury, and a verdict and judgment rendered against him for $840.00 with interest and costs.

In April, 1885, the said Julia A. Harpold and E. C. Harpold, her husband, commenced in the Circuit Court of Mason county in this State against the said John W. Sayre an action of debt for $1,232.64, the aggregate amount of the

debt, interest and costs of the judgment recovered by them against him in the Circuit Court of the United States as aforesaid. While this action was pending and undetermined the said John W. Sayre filed his bill in the said Circuit Court of Mason county against the said Julia W. Harpold, E. C. Harpold and others, and upon the allegations of his said bill he, on February 3, 1886, obtained from said court an injunction to inhibit and restrain the said Harpolds from further prosecuting said action until the further order of said court.

The plaintiff Sayre in his bill, after setting out the foregoing facts, avers that the recovery had against him in the said United States Court was for the hire of the barge alone and nothing was recovered for the loss of the barge; that he had a good and valid defence for said action, but was prevented from making the same for the reason that his defence consisted in showing that he had paid the entire amount of the hire of said barge, and the same was in part paid by the aforesaid note for $562.00, and he had at the time misplaced said note and could not, after diligent search, find it; that he offered to prove before said court that he had paid said hire by crediting said note thereon and paying the balance to E. C. Harpold in pursuance of the aforesaid order of Julia W. Harpold, but the court ruled out the evidence and would not allow said facts to be proved in the absence of said note; that he has since found said note which he exhibits with his bill; and he further avers that the defendants, Julia A. and E. C. Harpold are non-residents of this State and that they are both insolvent.

The defendants, Julia A. and E. C. Harpold demurred to the plaintiff's bill and answered the same denying that the plaintiff ever misplaced the said note of $562.00 or that he offered any evidence on the trial in the said United States Court, or that said court ruled out any evidence offered by him. They also denied that they were insolvent, or that said judgment had been paid as alleged in the bill.

The plaintiff having died, the cause was revived in the name of H. G. Nease as his administrator, the cause was, on September, 20, 1887, finally heard upon the pleadings and proofs, and the Court being of opinion that the plaintiff was

entitled to a credit on the judgment of the United States Court in favor of the Harpolds for the amount of the said note of $562.00, it overruled the demurrer to the bill and made the injunction perpetual as to said amount. From this decree the defendants, Julia A. and E. C. Harpold have appealed to this Court.

The appellants insist that the Circuit Court erred in overruling the demurrer to the plaintiff's bill. It is well settled that an adjudication by a Court having jurisdiction of the subject-matter and the parties is final and conclusive, not only as to the matters actually determined, but as to every other matter which the parties might have litigated and had decided as incident to or essentially connected with the subject-matter coming within the legitimate purview of the original action both in respect to the matters of claim and defence. It is not even essential that the matter should have been formally or distinctly put in issue in a former suit. It is sufficient, that the *status* of the suit was such that the parties might have had the matter disposed of on its merits, if they had presented all their evidence, and the court had properly understood the facts and correctly applied the law to the facts. If either party fails to present all his evidence, or mismanages his case, or afterwards discovers additional evidence, or if the court itself decides erroneously, nevertheless the judgment or decree, until vacated or corrected by appeal or in some other appropriate manner, is as conclusive upon the parties as though all such legitimate and incidental matters had been litigated and the controversy settled in accordance with the principles of abstract justice. The mere fact that abstract justice has been defeated by reason of the negligence of the injured party or the erroneous rulings of the court will not impair the validity and conclusiveness of the judgment or decree. All such matters will be held to be *res judicata* in any subsequent litigation between the same parties or their privies. *Carrothers* v. *Sargent,* 20 W. Va. 351; *Tracy* v. *Shumate,* 22 W. Va. 475; *McCoy* v. *McCoy,* 29 W. Va. 794.

The rule above announced applies not only to the judgments and decrees pronounced in the courts of the same State, but under the provisions of the Federal Constitution it is

extended and applies to the judgments and decrees rendered by the courts of any State of this Union whenever questioned or assailed in a sister State, provided there was personal service upon, or an appearance by, the party complaining to the action in the sister State. *Black* v. *Smith*, 13 W. Va., 780; *Mills* v. *Duryee*, 7 Cr. 481; 6 Rob. Pr. 483.

There is a general qualification to the doctrine above announced, which permits a defendant in a judgment at law to obtain a relief in equity against such judgment for equitable causes. But this qualification is very restricted, and according to the uniform doctrines of the courts of Virginia and this State, a party will not be entitled to relief against such judgment in a court of equity, unless he clearly shows that he was prevented from availing himself of a legal defence at law by reason of some fraud, accident or surprise, or some adventitious circumstance beyond his control. If the failure to make the defence at law is chargeable to his mistake, fault or negligence he will not be entertained in equity. *Shields* v. *McClung*, 7 W. Va. 79; *Knapp* v. *Snyder*, 15 W. Va. 435; *Alford* v. *Moore* Id., 597; *Meem* v. *Rucker*, 10 Grat. 506; *Slack* v. *Wood*, 9 Grat. 40.

Applying these legal principles to the cause at bar, does the plaintiff's bill show a case for equitable relief? The first ground alleged is, that he was improperly enticed to go to St. Louis for the purpose of giving the courts of that city jurisdiction. A sufficient answer to this claim is the allegation of the bill, that before the court was called upon to decide this question the plaintiff here unconditionally appeared to the action and on his motion had the same removed to the federal court. If, therefore, we concede, that he was improperly sued in the state court in Missouri, we could not hold that the federal court to which he had voluntarily removed his case had not jurisdiction. By his own action he selected the court by which the final judgment against him was pronounced.

The next ground alleged, is that he had misplaced the note for $562.00, and was unable to produce it at the trial at law, that he offered to prove that he had paid the claim sued on, but the court ruled out the evidence and would not allow said facts to be proved in the absence of said note. Upon

proper proof of the loss of the note it was certainly competent for him to prove its contents, and if the court refused to permit him to do so, his remedy was to ask for a new trial and a review of the action of the court. The fact, that the court erred in ruling as it did, does not entitle the injured party to relief in a court of equity. But the record which the plaintiff exhibits with his bill fails to show that he either pleaded payment or set-off, or offered to prove payment or that the court rejected any evidence. The whole defence made so far as that record discloses, was simply an effort to establish that the plaintiffs never had any cause of action against him.

The only other ground alleged in the bill is, that both of the defendants, Julia A. and E. C. Harpold, are non-residents of this State and that they are insolvent. It seems to me very clear that the non-residence of the plaintiffs in the judgment at law will not entitle the plaintiff to relief in equity. The law makes no distinction in respect to the legal rights of parties properly before the courts. The question then arises : Does the fact, that the plaintiffs in the judgment at law are insolvent entitle the plaintiff here to relief which he would not be entitled if they were solvent? If the claim had been a payment instead of a set-off, the solvency or insolvency of the plaintiff in the judgment would be wholly immaterial, because it would be lost in either event. If that is true in regard to a payment, it is equally true in respect to a set-off, for the cases make no distinction between payments and sets-off. The default of the party complaining and not the circumstances of the plaintiff in the judgment is the criterion upon which equity refuses relief. While the authorities in other States may be conflicting as to whether the insolvency of a judgment-creditor will, of itself, justify an injunction against the enforcement of a judgment at law upon the ground of a set-off which might have been pleaded at law, I think the decisions of the courts of Virginia and this State indicate very distinctly that they would not entertain an injunction upon that ground alone. The rule in these States, as before shown, limits and restricts the relief in equity to cases in which the defendant has been prevented from using his set-off at law by fraud, accident, surprise or some adven-

titious circumstance beyond his control. None of them, so far as I have been able to find, hold or even mention the insolvency of the judgment-creditor as a ground for relief in equity. And most of the cases are those in which the plaintiff in the judgment was insolvent. If he had not been insolvent, he could have been sued at law on the set-off, and there would be no good reason for coming into equity. Upon the whole I think the Circuit Court should have sustained the demurrer to the plaintiff's bill, and that it erred in not doing so. But if there could be any question as to this conclusion, the decree is nevertheless erroneous, because the controverted allegations of the bill are not sustained by the proofs. The decree of the Circuit Court must be reversed and the bill dismissed.

REVERSED. DISMISSED.