# CHARLESTON.

BIERN *et al. v.* RAY *et al.*

Decided March 9, 1901.

1. RES JUDICATA—*Decree on Merits—Estoppel.*
    A judgment or decree upon the merits of the case is a bar or estoppel against the prosecution of a second suit upon the same demand, not only as to every matter which was offered and received to sustain or defeat the claim, but also any other admissible matter which might have been used for that purpose. (p. 135).

2. EQUITY—*Fraudulent Conveyance—Judgment.*
    B. & F., having obtained a judgment against R. March 11, 1890, and docketed it according to law January 7, 1891, instituted a suit in chancery against R. and S. to set aside as fraudulent a deed from R. to S. dated December 17, 1889, after the debt was contracted, but before judgment, conveying from R. to S. a tract of land containing 34 acres, in which suit the bill was dismissed at the hearing on the merits; and in September, 1897, B. & F. brought another suit to enforce the lien of said judgment upon the undivided one-half interest of R. in an 86 1-2-acre tract of land, as to which there were no allegations in the pleadings in said first suit; and R. tendered a plea of *res judicata* setting up said former suit as an adjudication of the matters involved in the second suit, and said plea was rejected by the court as insufficient. *Held,* the plea was properly rejected. (pp. 130, 131).

3. PAROL CONTRACT—*Statute of Frauds—Equitable Title.*
    A purchaser of land by parol contract, having acquired an equitable title therein by part performance of the contract, such as will take the contract out of the statute of parol contracts and entitle him in equity to have the contract specifically performed, may assert, as against the creditors of the vendor, his prior equity; but mere payment of the purchase money is not such part performance as will vest in him such equitable title and superior equity. (p. 137).

Appeal from Circuit Court, Cabell County.

Suit by Biern & Friedman against Catharine Ray and W. H. Smith. Decree for plaintiffs, and defendants appeal.

*Affirmed.*

MARCUM, MARCUM & SHEPHERD, for appellants.

GEO. M. McDERMITT and W. K. COWDEN, for appellees.

POFFENBARGER, JUDGE:

The object of this suit is to enforce the lien of a judgment in favor of the plaintiffs and against the defendant Catharine Ray upon an undivided one-half of a tract of land in Cabell County containing eighty-six and one-half acres, which was conveyed to Isaiah Ray and Catharine Ray his wife by deed dated June 1, 1875, since which time Isaiah Ray has departed this life. The judgment, for one hundred and fifty-two dollars and six cents and two dollars and seventy-five cents costs, was recovered before a justice of the peace of said county March 11, 1890, and an abstract thereof filed in the proper office January 7, 1891.

At the time the debt for which the judgment was recovered was contracted, said Catharine Ray was the owner of another tract of land containing thirty-four acres. This tract she conveyed to W. H. Smith by deed, dated December 17, 1889. At February rules, 1891, Biern and Friedman filed their bill in the circuit court of said county, attacking the validity of said deed, charging that it was made with intent to hinder, delay and defraud them in the collection of their debt, and praying that it be set aside and the land subjected by a proper decree to the payment of their judgment, interest and costs. Upon the hearing of said cause, the bill was dismissed, and upon appeal this Court affirmed the decree of the lower court, upon the ground that the pleadings and evidence did not warrant a decree in favor of the plaintiffss. In said case there was no reference made to the eighty-six and one-half acre tract.

On the 20th of September, 1897, Biern and Friedman commenced this suit in said court against said Catharine Ray to subject her interest in said eighty-six and one-half acre tract to the payment of said judgment, alleging in their bill that by virtue of the judgment they have a lien upon said interest which they are entitled to enforce in a court of equity. The bill being taken for confessed, the cause was referred to commissioner Bryan, December 31, 1897, to take an account, on the completion and return of which, the defendant appeared and filed exceptions to the report, and her affidavit explaining her failure to appear. The court sustained the exceptions and recommitted the report, and afterwards the defendant tendered her plea to the bill alleging that the matters involved in this suit had been finally adjudicated and determined in said former suit, and with the plea

she filed a copy of the record of said former suit. The court over-ruled this plea and thereupon said defendant filed her answer, admitting the existence of the judgment, denying that any execution had been returned thereon *nulla bona,* and that any officer or person had ever given her notice of such execution or attempted to levy it on her property, and averring that, in 1891 and 1892, she owned ample property to have satisfied it. She also denies that she was the owner of any interest in said land at the date of the rendition of the judgment and alleges that she sold the same to W. H. Smith on December 17, 1889, and attempted to convey it to him, and that he had then paid her in full for it, had taken possession, and has ever since been in possession of it. She also relies in her answer upon the adjudication in said former suit.

W. H. Smith also filed his petition claiming to be the owner of said land under said purchase, and praying to be made a defendant; which prayer was granted and it was ordered that the petition be taken and treated as his answer. He claims to have purchased Catharine Ray's interest in said land on the 17th of December, 1889, for a sufficient and valuable consideration paid to her at that time; that she had attempted to convey the same to him by her deed bearing date on that day, but by mistake the same was not so conveyed; that he has ever since been in possession of the land and paid the taxes on it; and that he is informed and believes the matters in controversy in this suit were finally and completely determined in said former suit. To these answers there were general replications; the commissioner made his second report, to which the defendants excepted, because he had reported the judgment as a lien on the land, and that an execution had issued on the judgment and been returned "no property found;" depositions were taken on both sides of the case, and, upon the hearing the court overruled the exceptions, confirmed the report and decreed the land to be sold to satisfy the judgment, giving the defendant sixty days in which to pay the judgment and costs before sale. From this decree, an appeal was allowed.

The appellants contend that the plea of *res judicata* should have been sustained and the bill dismissed, and in support of this assignment of error, they rely upon *Renick* v. *Ludington,* 20 W. Va. 511; *Tracy* v. *Shumate,* 22 W. Va. 471; *Wandling* v. *Straw & Morton,* 25 W. Va. 692; *Sayre* v. *Harpold,* 33 W. Va. 553;

*Kingsport* v. *Rawson,* 36 W. Va. 237; *Rogers* v. *Rogers,* 37 W. Va. 407; *Pickens* v. *Loves Admr.,* 44 W. Va. 725, and *Watson* v. *Watson,* 45 W. Va. 290.

While the principle of *res judicata* is far reaching and inflexible, and, as asserted in the cases cited, is almost universally supported and acknowledged by the courts; there is no case in which it has been applied to the extent contended for here. The purpose of the first suit was to set aside a deed conveying a thirty-four acre tract of land, as fraudulent, and subject the land to the payment of the judgment. This suit is instituted by the same parties as plaintiffs against one of the parties who was defendant in the former suit, and the other defendant comes in and is made a defendant in this suit also. The parties are the same, but the subject-matter of it is radically different from that of the former suit, although in both, the plaintiffs are attempting to collect their judgment. But here they are not, as in the former suit, attempting to set aside a fraudulent conveyance. They are not seeking here to obtain satisfaction of their judgment out of the thirty-four acre tract, but out of another and different tract containing eighty-six and one-half acres, which was not involved in the other cause. It is the same judgment in both cases but the existence of the judgment was not in issue in the former cause, nor was it there contended that it had been satisfied, released or vacated. The object there was not to obtain a judgment, but to subject a certain parcel of real estate to the payment of a judgment, and it cannot be said that it was there determined that the appellees have no judgment against Mrs. Ray. Nothing was decided in that cause, except the issues there raised and such incidental matters as were necessarily involved in those issues. That adjudication forever settles, between the parties thereto, the validity of the deed conveying the thirty-four acre tract to Smith, and every other matter incidental to it, or coming within the purview of the issue made, respecting it, which was decided, or which any of the parties might have had determined.

Even facts in controversy on the trial of an issue, but not necessarily involved in it, though important in its determination, are not settled by the judgment, and are open to controversy in another suit between the same parties. *Doonan* v. *Glynn,* 28 W. Va. 715.

In *Poole* v. *Dilworth,* 26 W. Va. 583, this Court held: "A decision upon a demurrer, though it be but a decree dismissing

a bill, will be conclusive of every matter whether specially stated in the bill or not, provided it is clear that such matter was necessarily in controversy in the suit and was decided in it, otherwise such decree will not be conclusive of such matter."

In dismissing the bill of Biern and Friedman against Catharine Ray and W. H. Smith, it was not necessary to decide that they had no judgment against Mrs. Ray nor a lien by reason thereof on such lands as she owned. Counsel for appellants say the appellees might have included in their bill in said former suit the necessary allegations respecting their judgment lien on the eighty-six and one-half acre tract and had their rights in respect to it determined in. that cause, and, having failed to do so, are now estopped from proceeding to sell it. This is not the meaning of the doctrine of res judicata as enunciated in Sayre v. Harpold, supra, in which this Court holds that, "An adjudication by a court having jurisdiction of the subject matter and the parties is final and conclusive, not only as to matters actually determined, but as to every other matter which the parties might have litigated as incident thereto, and coming within the legitimate purview of the subject matter of the action. It is not essential that the matter should have been formally put in issue in a former suit, but it is sufficient that the status of the suit was such that the parties might have had.the matter disposed of on its merits."

That was a case in which an injunction was asked by a judgment debtor for the purpose of enabling him to obtain the benefit of a set-off which he might have availed himself of as a defense in the action in which the judgment was obtained. It is in no sense similar to this one. The set-off being matter of defense, he was bound to plead it. In Rogers v. Rogers in which the doctrine laid down in Sayre v. Harpold is approved, John Rogers having prosecuted a suit for specific performance of a contract under which he claimed to have purchased a two hundred acre tract of land, which was decided adversely to him, afterwards brought an action of ejectment for a moiety of the same land. What possible resemblance does that case bear to this? In that case, the very matter adjudicated in the first suit was attempted to be made the subject matter of the second.

Some of the courts of other states have expressed the doctrine of res judicata in terms broader than those in which our courts have declared it. Thus, in Bruen v. Hone, 2 Barb. (N. Y.) 586,

we find: "A judgment or decree of a court, possessing competent jurisdiction, is final not only as to the matters actually determined, but as to every other matter which the parties might litigate in the same cause, and which they might have decided." Substantially the same language is used in *Embury* v. *Conner,* 3 Coms. (N. Y.) 522; *McDowell* v. *McDowell,* 1 Bail. Eq. Rep. (S. C.) 324; and Herman on Est. and Res. Ad. p. 551 says, "But when jurisdiction is shown, it is conclusive, not only as to the matters actually determined, but as to every other thing then within the knowledge of the complainant in the suit which might have been set up as a ground for relief, and litigated in the first suit." But an examination of the adjudged cases cited by him shows that by "jurisdiction" as applied to the subject matter, he only means such distinct and separate subjects of litigation as have been pleaded and thus brought within the jurisdiction of the court, not that the plaintiff is concluded as to every cause of action which he might have set up in his declaration or bill. In *McDowell* v. *McDowell, supra,* a testator had provided five hundred dollars for his widow in lieu of dower, which she had accepted, and then in an action at law recovered the value of her dower also, amounting to six thousand five hundred dollars, and the complainant in his bill in equity for a settlement and accounting of the estate, sought to review this judgment, and of course he was concluded, for the acceptance of the provision in lieu of dower was a defense which he should have set up in the action at law. It was incident, material, and pertinent to, and necessarily involved in, the action at law.

The true doctrine and real meaning of all these general declarations on the subject is found in *Davis* v. *Brown,* 94 U. S. 423, in which Mr. Justice Field says: "The judgment is not only conclusive as to what was actually determined respecting *such demand,* but as to every other matter which might have been brought forward and determined respecting *it;* and that is all the language means which is quoted by counsel from opinions in adjudged cases, in seeming consonance with his position." This eminent jurist, after quoting the general terms in which the doctrine of *res judicata* is so often clothed said, in *Cromwell* v. *Sac County,* 94 U. S. 351: "The language which is so often used, that a judgment estops not only as to every ground of recovery or defense actually presented in an action, but also as to every ground which might have been presented, is strictly accurate

when applied to the demand or claim in controversy. * * * * But where the second action between the same parties is upon a different claim or demand, the judgment in the prior action operates as an estoppel only as to those matters in issue or points controverted, upon the determination of which the finding or verdict was rendered."

"There is nothing in this language, applied to the facts of the case, which gives support to the doctrine that whenever in one action a party might have brought forward a particular ground of recovery or defense, and neglected to do so, he is, in a subsequent suit between the same parties upon a different cause of action, precluded from availing himself of such demand."

In *New Orleans* v. *Citizens Bank,* 167 U. S. 371, Mr. Justice White said: "The estoppel resulting from the thing adjudged does not depend upon whether there is the same demand in both cases, but exists, even although there be different demands, when the question upon which the recovery of the second demand depends has under identical circumstances and conditions been previously concluded by a judgment between the parties or their privies."

In the syllabus of *N. O.* v. *Citizens Bank* this is found: "Where the second action between the same parties is upon a different claim or demand, the judgment in the prior action operates as an estoppel only as to those matters in issue or points controverted, upon the determination of which the finding or verdict was rendered."

In *So. Pac. R. R. Co.* v. *U. S.,* 168 U. S. 1, in which the opinion was delivered by Mr. Justice Harlan, reviewing all the important Federal decisions on the subject, the syllabus reads: "A right, question or fact distinctly put in issue and directly determined by a court of competent jurisdiction, as a ground of recovery, cannot be disputed in a subsequent suit between the same parties or their privies; and even if the second suit is for a different cause of action, the right, question or fact once so determined must, as between the same parties or privies be taken as conclusively established, so long as the judgment in the first suit remains unmodified."

That is all it means or is intended to mean here; and it is perfectly consistent with the language used by this Court in *Sayre* v. *Harpold* and other cases. In *Wandling* v. *Straw & Morton,* 25 W. Va. 692, the doctrine is expressed in equivalent but for-

mally different terms: "A judgment upon the merits of the case is a bar or estoppel against a prosecution of a second action upon the same demand, and is a finality to the claim or demand in controversy and concludes parties and those in privity with them, not only as to every matter which was offered and received to sustain or defeat the claim, but also any other admissible matter which might have been used for that purpose; such demand or claim having passed into judgment cannot again be brought into litigation between the parties in proceedings at law upon any ground whatever."

Nothing more than this can be found in the application of the principle in decided cases, and it conforms as well to the terms of its enunciation in the early cases from which it has come down to us, as in *Outran* v. *Morewood,* 3 East. 125, where it is held, "If a verdict be found on any fact or title, distinctly put in issue in an action of trespass, such verdict may be pleaded by way of estoppel in another action between the same parties or their privies in respect to the same fact or title." Here Lord Ellenborough in applying the principle said: "An issue taken and found upon a traverse of a precise fact, material to the right in question in an action of trespass, is equally peremptory by way of conclusion as to that same fact and upon the same right between the same parties in an assize." * * * "It is not the recovery but the matter alleged by the party, and upon which the recovery proceeds, which creates the estoppel. The recovery of itself in an action of trespass is only a bar to the future recovery of damages for the same injury; but the estoppel precludes parties and privies from contending to the contrary of that point or matter of fact, which having been once distinctly put in issue by them or by those to whom they are privy in estate or law has been on such issue joined, solemnly found against them."

In the first suit between these parties, the right, the demand involved and the only one, was to have satisfaction of the judgment in whole or in part, according to the amount of its proceeds, out of the thirty-four acre tract; every other matter decided in that case was involved in that issue, and nothing which was not involved in it and necessarily decided in its determination can be *res judicata* in another suit between the same parties. The claim set up in the first suit having failed and the judgment remaining unsatisfied, the demand in this cause is to have satisfaction of it out of Mrs. Ray's interest in another tract of land.

This is a different subject matter over which the pleadings in the former suit gave the court no jurisdiction, and as to it there was no adjudication in said suit.

The other assignments of error are not well taken. There is sufficient proof to warrant the finding that an execution was issued and returned unsatisfied, and as to the parol purchase of the land by Smith, he fails to make out such a case as gives him any standing in a court of equity against the lien of this judgment.

It has been held and is still the law that where a parol contract for land has been entered into, and has been partly performed by the vendee, having entered and taken possession of the land and improved it, or done such acts in pursuance of the agreement as are incapable of compensation in damages, whereby an equitable title has vested in the vendee, such as a court of equity will enforce, and a conveyance of such land be executed in accordance with such contract, but is left unrecorded, the vendee may assert as against creditors of the vendor, relying upon the invalidity of the unregistered conveyance, his prior equity arising out of parol contract part performed. *Withers* v. *Carter,* 4 Grat. 407 ; *Floyd* v. *Harding,* 28 Grat. 401; *Hicks* v. *Ridlick, Id.* 418; *Burkholder* v. *Ludlam,* 30 Grat. 259 ; *Long* v. *Hagerstown Imp. & Mfg. Co.,* 30 Grat. 669; *Halsey* v. *Peters,* 79 Va. 60; *Grigsby* v. *Osborne,* 82 Va. 371; 2 Min. Inst. 949; *Anderson* v. *Nagle et al.,* 12 W. Va. 98

Catharine Ray is a sister of W. H. Smith. They both testify that he paid her two hundred and eighty-five dollars for her interest in the eighty-six and one-half acre tract, but Smith has never resided on it. The evidence shows that Mrs. Ray has since the date of the alleged contract repeatedly rented portions of it, collected rents from it and paid part of the taxes. Some of the rents were portions of the crops and were delivered to her and used by her. It is true Smith claims he directed and authorized her to make some of these contracts and furnished money to pay some of the taxes; but apparently Mrs. Ray exercised control over the land and Smith never personally paid any taxes on it until after this suit was instituted, although he did prior to that time pay on the thirty-four acre tract; nor has he made any improvements on the land. Such being the facts Smith has clearly failed to establish an equitable title which he may assert against creditors of Mrs. Ray. Mere payment of the purchase money in whole

or in part is not a sufficient part-performance to establish such title; for all he has done is capable of compensation in damages. His money may be repaid with interest, and then his situation will be as good as it was before. *Clinen* v. *Cooke,* 1 Sch. & Lefr. 41; *ex parte Hooper,* 19 Ves. 480; *Jackson* v. *Cutright,* 5 Munf. 318; *Anthony* v. *Leftwich* 3 Rand. 255; *Allen* v. *Smith,* 1 Leigh 231; 2 Lom. Dig. 54; 2 Min. Inst.

"Giving instructions for a lease, putting a deed into a solicitor's hands to prepare a conveyance, giving orders for a conveyance to be drawn and going several times to view the estate, the execution and registration of the deeds by the vendor and the admeasurement of the estate have all been decided not to be acts of part-performance binding on the other party to the contract." Fry Spec. Perf. 265.

In *Whaley* v. *Bagnal,* 1 Bro. P. C. 345, A agreed by parol with B for the purchase of lands; B delivered a rent roll to A which showed by its heading that an agreement had been entered into between them for the sale of the lands comprised in it at twenty-one years purchase, and an abstract of the title deeds was also delivered to A for the purpose of carrying out the sale. B informed his creditors by letter that he had agreed to sell the land to A whom he took over the estate, introduced him as landlord to the tenants, and refused to renew leases or do other acts of management as owner, in these cases referring the tenants to A. B also set up the contract against an *elegit,* and on the strength of it obtained a verdict finding him not to be seized of the lands in question; but notwithstanding all these circumstances a plea of the statute of frauds was allowed.

There is no error in the decree appealed from, and the same must be affirmed.

### ON PETITION FOR REHEARING.

It is claimed in the petition for re-hearing filed in this case that the Court in deciding the case, has misapaprehended the facts because it is stated, in the second point of the syllabus, that in the first suit there were no allegations in the pleadings, as to the undivided half of the eighty-six and one-half acre tract of land and similar statements appear in the opinion, while it is contended that there are such allegations in the pleadings in the first suit. The assignments of error and argument were based

upon no such ground. The contention at the hearing was not that this tract of land was actually embraced in the pleadings of the former suit, but only that the plaintiffs could have set up their claim against it in that suit, and were therefore, bound to do so or be forever barred as to it. In the bill of complaint in the former cause there are no such allegations touching the eighty-six and one-half acre tract, if indeed, any at all, as would have supported a decree for the sale of Mrs. Ray's interest in it. It is there stated that the defendant Catharine Ray, in soliciting credit from the plaintiffs and contracting her debt with them, represented to them "that she was the owner in fee of two valuable tracts of land which were unincumbered to-wit: A tract of thirty-four acres of land and one of eighty-six acres of land." But there is no allegation that she owned the eighty-six acre tract or any part of it, or that the plaintiffs had a lien upon it, or any part of it; nor is there any description of it in the bill, other than that it is in Cabell County, or any exhibit with the bill in which said tract is mentioned or described.

It is also true that the bill prays "that a commissioner be appointed to sell the real estate of the defendant Catharine Ray" but that cannot affect a tract of land not alleged to belong to her, and against which the bill sets up no claim.

No other reference to the eighty-six and one-half acre tract of land appears in the record of the case as made in the circuit court, and no rights respecting it could have formed any part of the controversy in said former suit. It is mentioned in the petition filed in this Court but that is no part of the record in the lower court, to which alone we must look to determine what was involved in the case.

*Affirmed.*