WALLACE, JUDGE:
The claimants received an award in the sum of $4,604.73 for damage to their real property in Curnutte v. Dept. of Highways, 12 Ct.Cl. 290 (1979).
In the present claim, the claimants seek $3,640.00 for additional damages for out-of-pocket expenses, including $2,500.00 for annoyance and inconvenience caused by the respondent’s delay in repairing Buffalo Creek Road.
The respondent, as part of its Answer to the claim filed by the claimants, invoked the affirmative defense of res judicata. The respondent raised, by motion, the same defense at the beginning and at the end of the hearing on the basis that the present claim is based on the same negligence of the respondent in the prior hearing, and the award made in that hearing bars any further award.
From the record the Court is of the opinion that under the doctrine of res judicata the claimants are barred from recovering additional damages by the former adjudication.
“An adjudication by a court having jurisdiction of the subject matter and the parties is final and conclusive, not only as to the matters actually determined, but as to every other matter which the parties might have litigated as incident thereto and coming within the legitimate purview of the subject matter of the action. It is not essential that the matter should have been formally put in issue in a former suit, but it is sufficient that the status of the suit was such that the parties might have had the matter disposed of on its merits...” Sayre’s Admin’r v. Harpold, et al., 33 W.Va. 553, 11 *397 S.E. 16 (1890); In re Estate of McIntosh, Sr., 144 W.Va. 583, 109 S.E.2d 153 (1959).
Accordingly, this claim is disallowed.
Claim disallowed.