617 S.E.2d 812

Charlotte Mae SINKEWITZ, Plaintiff Below, Appellee,

v.

The CITY OF HUNTINGTON, Defendant Below, Appellant.

No. 32053.

Supreme Court of Appeals of West Virginia.

Submitted: March 22, 2005.

Filed: May 13, 2005.

Menis E. Ketchum, Esq., John H. Bicknell, Esq., Greene, Ketchum, Bailey & Tweel, Huntington, for Appellant.

Charles C. Amos, Esq., Barrett, Chafin, Lowry, Amos & McHugh, Huntington, for Appellee.

The Opinion of the Court was delivered PER CURIAM.

PER CURIAM.

This case is before this Court upon appeal of a final order of the Circuit Court of Wayne County entered on April 16, 2004. In that order, the circuit court directed the City of Huntington, the appellant and respondent below, to issue a license to Charlotte Mae

Sinkewitz, the appellee and petitioner below, for continued operation of the bar/tavern located on property she owns in a residential area of the city upon her completion of the license application process. In this appeal, the City of Huntington contends that a previous decision by the circuit court which involved the same parties and denied Ms. Sinkewitz a license is *res judicata* and that the circuit court erred when it ruled otherwise.

This Court has before it the petition for appeal, the entire record, and the briefs and argument of counsel. For the reasons set forth below, the final order is reversed.

## I.

### FACTS

This case involves a bar/tavern known as "The Stop" which was operated for approximately forty years on residential property located within the Wayne County section of the City of Huntington. The bar was "grandfathered in" as a nonconforming use property when an ordinance zoning the neighborhood as residential was adopted in 1960.[1] Charlotte Mae Sinkewitz became the owner of the subject property when she inherited it from her mother.

In 1997, Ms. Sinkewitz submitted an application with the City of Huntington for a special exception permit to continue operation of the nonconforming use, i.e., the bar, upon the property.[2] The Board of Zoning Appeals of the City of Huntington denied the special exception application on the grounds of public safety and the health and general welfare of the neighborhood. On August 15, 1997, Ms. Sinkewitz filed suit in the Circuit Court of Wayne County seeking a reversal of the decision of the Board of Zoning Appeals. She asserted that the applicable zoning ordinance was unconstitutional because it was unduly vague and violated the equal protection provisions of the Constitution of the State of West Virginia. By order entered on September 11, 1997, the circuit court upheld the decision of the Board of Zoning Appeals. Ms. Sinkewitz did not appeal the circuit court's decision.

Thereafter, on April 25, 2001, in an unrelated case styled *Cabell & Wayne County Tavern and Restaurant Association, Inc. v. Zoning Appeals Board of the City of Huntington, Civil Action No. 99-C-00063,* the Circuit Court of Cabell County declared a portion of the subject zoning ordinance unconstitutional. Specifically, the Circuit Court of Cabell County found that elimination of the grandfather clause by amendment in 1994 violated procedural due process. The City of Huntington did not appeal the decision.

Subsequently, Ms. Sinkewitz made another request for a license to operate the bar on her property. By letter dated October 11, 2002, the City of Huntington informed Ms. Sinkewitz that a bar was not permitted. The letter stated that:

> According to the City of Huntington's Tax and License Division, the business license for 510 East Road expired in July 1997 and has since been discontinued. The City of Huntington Zoning Ordinance states, "in the event that a nonconforming use of any building or premises is discontinued for a period of two (2) years, the use of the same shall thereafter conform to the uses permitted in the district in which it is located." Therefore, nonconforming status of The Stop was forfeited in July 1999.

Upon being denied a license again, Ms. Sinkewitz instituted this second action against the City of Huntington on November 7, 2002, in the Circuit Court of Wayne County. Ms. Sinkewitz again challenged the constitutionality of the zoning ordinance and cited the 2001 decision of the Circuit Court of Cabell County.

The City of Huntington defended Ms. Sinkewitz's second suit by asserting that the prior 1997 decision of the Circuit Court of Wayne County was *res judicata.* The circuit court rejected the argument reasoning that *res judicata* did not apply because different constitutional issues were raised in the 1997 action. The court stated:

---

1. The "grandfather clause" allowed existing bars, taverns, and liquor clubs to continue to operate until abandoned.

2. The ordinances of the City of Huntington terminated an existing special exception permit upon any change of ownership of the property.

The original case in 1997 in this Court dealt with constitutional vagueness and a violation of equal protection. It did not address the due process issues presented in the Cabell County Circuit Court Case and the current case before this Court. The record of the 1997 Board of Zoning Appeals dealt with the issues of public safety, health, and general welfare of the neighborhood. The current record of the Board of Zoning Appeals deals with the abandonment of the use as the reason for not granting the special exception permit. Therefore, the issues are not the same, and the doctrine of *res judicata* does not apply.

The court then adopted the ruling of the Circuit Court of Cabell County that the ordinance violated due process and remanded the case to the Board of Zoning Appeals for further development and investigation to determine whether or not there had been an abandonment of the nonconforming use prior to July 1997. While the City of Huntington had indicated in its October 11, 2002 letter that the business license had been denied because of abandonment of the nonconforming use from 1997 to 1999, the circuit court found that "the period of time that the bar did not operate starting in July 1997[was] a direct result of an administrative action denying the special use permit, and [could not] be calculated in the period of abandonment." Thus, the circuit court concluded that abandonment must have occurred prior to July 1997 in order for there to be a valid denial of the license.

An evidentiary hearing was then held before the City of Huntington Board of Zoning Appeals. It was determined that the use of the subject property as a location for a bar was not interrupted for a period of six months at any time prior to the ruling of the City of Huntington Board of Zoning Appeals in 1997, which terminated Ms. Sinkewitz's right to continue operation of the bar. Accordingly, the circuit court entered a final order on April 16, 2004, which directed the City of Huntington to allow Ms. Sinkewitz to proceed with her application for appropriate licensing and further ordered the City of Huntington to issue a license to Ms. Sinkewitz for the continued operation of the bar on her property upon her completion of the application process. This appeal followed.

## II.

### STANDARD OF REVIEW

In Syllabus Point 2 of *Walker v. West Virginia Ethics Comm'n*, 201 W.Va. 108, 492 S.E.2d 167 (1997), this Court held that,

In reviewing challenges to the findings and conclusions of the circuit court, we apply a two-prong deferential standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard, and we review the circuit court's underlying factual findings under a clearly erroneous standard. Questions of law are subject to a *de novo* review.

With these standards in mind, we now consider the parties' arguments.

## III.

### DISCUSSION

As set forth above, the City of Huntington contends that the 1997 decision of the Circuit of Wayne County upholding the constitutionality of the city zoning ordinance is *res judicata* as to the present suit between the same parties which also challenges the constitutionality of the same ordinance. We agree. This Court has held that:

Before the prosecution of a lawsuit may be barred on the basis of *res judicata*, three elements must be satisfied. First, there must have been a final adjudication on the merits in the prior action by a court having jurisdiction of the proceedings. Second, the two actions must involve either the same parties or persons in privity with those same parties. Third, the cause of action identified for resolution in the subsequent proceeding either must be identical to the cause of action determined in the prior action or must be such that it could have been resolved, had it been presented, in the prior action.

Syllabus Point 4, *Blake v. Charleston Area Med. Ctr., Inc.*, 201 W.Va. 469, 498 S.E.2d 41 (1997). In this case, all three elements required to invoke the doctrine of *res judicata* have been satisfied.

First, the 1997 decision by the Circuit Court of Wayne County was a final adjudica-

tion on the merits by a court having jurisdiction. Secondly, the two suits involved the same parties, specifically Ms. Sinkewitz and the City of Huntington and its Board of Zoning Appeals. Third, the cause of action in the second suit, i.e., the constitutionality of the city zoning ordinance, is the same cause of action that was determined in the first case.

We reject Ms. Sinkewitz's contention that the doctrine of *res judicata* does not apply in this case because of the existence of different issues and facts. In that regard, Ms. Sinkewitz says that causes of action in the cases were different because the first suit challenged the constitutionality of the ordinance on the grounds of vagueness and equal protection whereas the second suit challenged the constitutionality of the ordinance on due process grounds. She also asserts that unlike the first action, the case *sub judice* required the development of evidence regarding whether there had been abandonment of the nonconforming use prior to 1997.

■■■ Upon a review of the record, it is clear that in both cases the court was required to rule on the constitutionality of the ordinance. The second suit was remanded for development of the evidence concerning abandonment of use only after the circuit court first determined that the ordinance was unconstitutional on due process grounds. In Syllabus Point 3 of *Slider v. State Farm Mut. Auto. Ins. Co.*, 210 W.Va. 476, 557 S.E.2d 883 (2001), we explained that:

> "An adjudication by a court having jurisdiction of the subject-matter and the parties is final and conclusive, not only as to the matters actually determined, but as to every other matter which the parties might have litigated as incident thereto and coming within the legitimate purview of the subject-matter of the action. It is not essential that the matter should have been formally put in issue in a former suit, but it is sufficient that the status of the suit was such that the parties might have had the matter disposed of on its merits. An erroneous ruling of the court will not prevent the matter from being *res judicata.*" Syl. pt. 1, *Sayre's Adm'r v. Harpold*, 33 W.Va. 553, 11 S.E. 16 (1890).

While Ms. Sinkewitz asserted different grounds in the second suit for finding the ordinance unconstitutional, the issue clearly could have been raised in the first action. Therefore, we find that the circuit court erred by ruling that the doctrine of *res judicata* did not apply in this case.

## IV.

## CONCLUSION

Accordingly, for the reasons set forth above the final order of the Circuit Court of Wayne County entered on April 16, 2004, is reversed.

Reversed.