## Staunton.

GRIGGSBY v. OSBORN AND ALS.

SEPTEMBER 16th, 1886.

1. PAROL GIFTS—*Specific performance—Rule—Qualification.*—A court of equity will compel the conveyance of the legal title to land claimed under a parol gift accompanied by possession, where the donee, induced by the promise to give it, has made valuable improvements on it. But the gift must be definite in its terms and clearly proved. *Halsey* v. *Peters*, 79 Va. 60.
2. IDEM—*Case at bar.*—Here, tested by this rule, the plaintiff is not entitled to the conveyance of the legal title.
3. IDEM—*Improvements—Statute of limitations.*—If, under the circumstances, plaintiff is not entitled to a conveyance of the legal title, and the sums expended by him for the improvement were expended at a time before the decease of the owner of the land sufficient to bar his claim under the statute of limitations, he cannot recover said sums.

Argued at Wytheville.  Decided at Staunton.

Appeal from decree of circuit court of Scott county.  The object of the suit was the partition of a certain tract of land, of which Nancy Griggsby died seized and possessed.  The bill was filed by Solomon Osborn and Eliza W., his wife, the latter and the appellant and the appellee, Nancy Griggsby, being children and the heirs-at-law of the decedent.

The appellant, who was a defendant in the court below, claimed in his answer to be the equitable owner of the land, averring that he "took possession thereof with the express agreement and understanding with his mother in her lifetime

that it should be his, and with that express agreement he took and proceeded to improve it." He also claimed that the value of the improvements thus put upon the land amounted to several thousand dollars. The answer, however, did not aver when the alleged agreement was made, nor when possession of the land was taken by the respondent.

In the progress of the cause an order was entered appointing commissioners to divide the land, who duly executed the order and reported their action to the court. An account was also directed, to ascertain the value of the improvements put upon the land by the appellant, which in his report the commissioner valued at the sum of fifteen hundred dollars. To this report the plaintiffs excepted.

The cause coming on to be finally heard, the partition as reported was confirmed, and the appellant was allowed for improvements, over and above the rents and profits of the land, which he had received since the death of Mrs. Griggsby, the sum of $333.33, one-half of which was charged on the land allotted to the other heirs, respectively. And from that decree this appeal was taken.

*Mr. Morrison,* for the appellant.

*Mr. Holdway,* for the appellees.

LEWIS, P. (after stating the case), delivered the opinion of the court.

It is now well settled by the decisions of this court, in accordance with the great weight of authority in this country, that a court of equity will compel the conveyance of the legal title to land claimed under a parol gift, accompanied by possession, where the donee, induced by the promise to give it, has made

valuable improvements on the land.     But since the ground of
the interference of the court, notwithstanding the statute of
frauds—which was meant to suppress and not to encourage
fraud—is, that the refusal to complete the gift would be a fraud
on the donee, the gift must be definite in its terms, and clearly
proved.     There must be no uncertainty or equivocation about
it, and the proof must show, with equal clearness, not only
that the donee went into actual possession, but that he has
made valuable improvements, under and on the faith of the
gift; or other circumstances in addition to the fact of posses-
sion must be shown which render a specific performance
essential to the purposes of justice.     *Burkholer* v. *Ludlam*, 30
Gratt. 258; *Halsey* v. *Peters*, 79 Va. 60; *Neale* v. *Neales*, 9
Wall. 1; 1 Lead. Cas. Eq., page 1046.

Tested by these principles, it is very clear that there is no
error in the decree to the prejudice of the appellant.   In his
answer in the court below, he avers that he took possession of
the land and improved it under an express agreement with
his mother that it should be his.     But he does not state when
he took possession, or what were the terms of the alleged
agreement, or when it was made, or even whether it was in
writing or by parol.

The evidence shows, however, that until the death of his
mother, which occurred in 1878, he never had possession of
the land at all; that prior to that event he lived with her on
the land as a member of her family, and that since that time
he has held possession jointly with his sister, Nancy Griggsby.
Moreover, the evidence offered in support of the alleged agree-
ment is not only unsatisfactory, but contradictory.   Thus, while
two of the witnesses testify that on one or more occasions,
during the late war, they heard the mother declare that she
intended the property—presumably as a gift, though they do
not positively so state—for her son (the appellant), a third wit-

ness testifies that, about the same time, she repeatedly declared that she intended it for her son *and daughter*, Nancy. The same witness also testifies that while the present dwelling-house on the land was being built, during the war, she said her son was building it with his own means, and that the orchard on the land was his. But here, too, the statements of the witness are vague and indefinite, and, besides, are at variance with the conduct of the parties from the time referred to until the institution of the present suit—a period of twenty years. For it was not until then, so far as the record shows, that the appellant ever asserted a claim, either to the land or to be reimbursed for improvements put upon it.

Moreover, it appears that in 1875, the appellant, having been sentenced by a federal court to imprisonment in jail and to pay a fine, was discharged from custody, pursuant to a statute of the United States, upon his taking the oath of an insolvent debtor. On that occasion he swore that he had not, in his possession, nor had any other person for him, any property of value to the amount of twenty dollars, except such as was by law exempt from being taken on civil process for debt by the laws of Virginia. This oath was taken and subscribed before a United States commissioner, as appears from a copy thereof filed as evidence in the court below without objection. And the statements then made on oath are not reconcilable with the claim now asserted, that he is, was then, and for many years prior thereto had been, the equitable owner of the land in controversy, which, in his answer, he values at the sum of six or seven thousand dollars.

Nor does the evidence sustain the claim for improvements, which was allowed by the decree of the circuit court, and of which *the appellees* complain, as they may do under the ninth rule of this court. 77 Va., p. vii. It appears that several comparatively small sums were paid by the appellant towards

the erection of the dwelling-house and in planting out an orchard on the land; but this was fifteen or more years before the death of his mother, and hence the claim, if ever well founded, ought to have been rejected as barred by the statute of limitations. In other words, the plaintiff's exceptions to the commissioner's report ought to have been sustained.

The decree in this particular will therefore be reversed, and in other respects affirmed.

DECREE AMENDED AND AFFIRMED.