TROUT

*v.*

TROUT'S EX'R *et al.*

*(Supreme Court of Appeals of Virginia, July 16, 1896.)*

[25 S. E. Rep. 98.]

Specific Performance—Parol Gift of Land—Possession by Donee—Improvements Small.

Equity will not decree specific performance of a parol gift of land on the ground that the donee had, in consideration thereof, given up the occupation of telegraph operator, and had taken possession of the land, and made valuable improvements, where such donee was not working as a telegraph operator at the time the gift was made, and the value of the improvements made by him was small, and was less than the rental value of the premises for the period of his occupancy.

Appeal from circuit court, Craig county; Henry E. Blair, Judge.

Bill by John Henry Trout against R. E. Trout's executor and others. Decree for defendants, and complainant appeals. Affirmed.

*G. W. & L. C. Hansbrough*, for appellant.

*J. W. Marshall* and *Blair & Blair*, for appellees.

BUCHANAN, J., delivered the opinion of the court.

This is an appeal from a decree refusing the specific execution of a parol gift of land. The grounds relied upon by the appellant (who was the nephew of the donor) to take the case

out of the statute of frauds are that he was induced by her to give up other arrangements for a business life, viz. that of a telegraph operator, in which he had good prospects of success ; that he was placed in complete possession of the land ; that he had put valuable improvements upon it ; and that it would operate as a fraud upon him not to specifically enforce it.

It is well settled that a court of equity will compel the conveyance of the legal title of land claimed under a parol gift under certain circumstances, but it only does so where the gift is supported by a meritorious consideration, and where the donee has, by reason thereof, been induced to alter his condition, and make expenditures of money or labor in making valuable permanent improvements on the land.   The ground upon which courts of equity consider part performance of a parol agreement or a parol gift as creating an equity to have it specifically executed, notwithstanding the statute of frauds, is that it would be a fraud upon the party if it were not completed.   Burkholder v. Ludlam, 30 Grat. 255 ; Halsey v. Peters, 79 Va. 60 ; Griggsby v. Osborn, 82 Va. 371, 373 ; 2 Minor, Inst. (4th Ed.) 851 et seq.

But, if the acts done under the agreement or gift be of such a character that they can be fully compensated in damages, the contract will not be specifically executed.

The evidence in this case, including that taken upon the bill of review, shows that the appellant did take possession of the land either under a gift from his aunt or under a promise that she would give it to him.   The proof is not at all clear that he was engaged in the business of telegraph operator when she gave, or promised to give, him the land, or that he gave up that business to take possession of it.   On the contrary, the evidence tends to show that he had already given it up, because he did not like it, and was at that time engaged as a salesman in a store.

After taking possession of the land, it appears that he made some repairs upon the buildings, but they were of little value,

easily compensated in damages, and estimated by one of his own witnesses at $75, which was less than the rental value of the land during the time that he occupied it prior to the rendition of the decree appealed from.

Upon this state of facts, a court of equity would not be justified in decreeing a specific execution of the gift. To do so would be to disregard the statute of frauds where the equities of the case did not require it, and where the appellant had been fully compensated for all his expenditures upon the land by the use of it. The prevailing disposition of the courts is not to extend the doctrine of part performance of parol agreements or parol gifts any further than the adjudged cases and the principles established by them require.

The evils which have flowed from the specific execution of parol gifts of land caused the revisers of the Code of 1887 to suggest, and the general assembly to provide, by section 2413, that no right to a conveyance of any estate of inheritance or freehold or for a term of more than five years shall accrue to the donee of the land, or those claiming under him, under a gift or promise of gift, of the same hereafter made, and not in writing, although such gift or promise be followed by possession thereunder and improvement of the land by the donee, or those claiming under him.

This provision of the Code was not in force when the gift, or promise to give, in this case, was made, and therefore has no effect upon it; but it shows that, in the opinion of the law-making power of the states, it was not only unwise to extend the doctrine of part performance of parol gifts of land, but that it should be abolished altogether as to cases arising after the Code took effect.

We are of opinion, therefore, that the decree of the circuit court was plainly right, and should be affirmed.