## Richmond.

NICHOLAS AND OTHERS v. NICHOLAS AND OTHERS.

November 20, 1902.

1. PAROL GIFT OF LAND—*Code, Sec. 2413.*—Under the provisions of sec. 2413 of the Code, which went into effect May 1, 1888, there can be no parol gift of land though followed by possession thereunder and improvement of the land by the donee or those claiming under him; and such a gift, if made and followed by such possession and improvements, carries with it no right to a conveyance of the land to the donee.

2. ADVANCEMENTS—*Hotchpot—Code, Secs. 2413 and 2561, to be Read Together.*—An advancement is a giving by anticipation of the whole or a part of what it is supposed a child will be entitled to on the death of a parent. But in considering what advancements are to be brought into hotchpot under the provisions of sec. 2561 regard must also be had to sec. 2413, forbidding parol gifts of land. The two sections are to be read together.

3. PARENT AND CHILD—*Claim for Board and Services—Proof.*—The claim of a son for board of, and attention to, his father in his lifetime must be established by satisfactory evidence of a contract for payment. The law will not imply a contract to pay.

4. APPEAL AND ERROR—*Rehearing.*—The facts of this case do not justify a rehearing. The views of all parties were presented by the petition for appeal, or by briefs, and the failure of counsel to fill additional briefs within the time given by the court was not occasioned by any fault of the court.

Appeal from a decree of the Circuit Court of Rockingham county, pronounced April 23, 1900, in a suit in chancery where one of the appellants, George M. Nicholas, was the complainant, and the other appellant and the appellees were the defendants.

*Reversed in part.*

The bill in this cause was filed by one of the appellants,

George M. Nicholas, a son of Jacob B. Nicholas, deceased. The bill alleges that the said Jacob B. Nicholas died "intestate, seised and possessed of a large amount of real estate, and a considerable amount of personalty;" that the sole heirs and distributees of the decedent were his five sons; that, for many years previous to his father's death, his real estate had been used and occupied by his sons other than the complainant, naming the tract of which each held possession, and giving the estimated value thereof; that the sons paid "a small rent of the fourth of the crops," while his father paid the taxes and the insurance on the buildings. The bill further charges that a little more than two years before the father's death his mental and physical condition became impaired, and that custody of his person and estate was committed to Frank L. Nicholas, as committee, and that "considerable sums of personal property" came, or should have come into his hands, for which he should account; and that finally his father died, and administration on his estate was committed to the sheriff of Rockingham county. The four brothers, the committee, and the administrator were made parties defendants, and the prayer of the bill was for an account of debts, the settlement of the accounts of the committee and of the administrator, and for *partition* of the real estate. Three of the sons, to-wit, J. J. Nicholas, C. H. Nicholas and Frank L. Nicholas, filed separate answers, each claiming a gift of land by the father in his lifetime, by way of advancement, and followed by possession and improvement. Two of them were to account to the father's estate, upon his death, for $2,000 each, and during his lifetime were to pay him a part of the crops by way of rent. The gifts and also the possession and improvements were established by parol evidence. Frank L. Nicholas does not state in his answer the date of the gift to him, nor is it definitely established by the evidence. The advancements claimed by each of three sons above mentioned were allowed by the Circuit Court, and from the decree allowing them this appeal was taken.

*Liggett & Lurty* and *Marshall McCormick*, for the appellants.

*Sipe & Harris* and *John E. Roller*, for the appellee.

KEITH, P., delivered the opinion of the court.

J. R. Nicholas was seised during his lifetime of several parcels of real estate in the county of Rockingham. He gave one of these tracts, valued at $7,000, to his son, Charles H. Nicholas. The donee was put in possession about the year 1880, and thereafter placed valuable improvements upon it, and exercised exclusive ownership over it until his father's death.

In 1872 the father placed J. J. Nicholas, another son, in possession as tenant of what is known as the "Palmer tract," consisting of 125 acres. In 1887 his father proposed to him that he should take this tract at $10,000, $8,000 of which was to be treated as an advancement, and $2,000 to be paid after his father's death, and one quarter of the grain raised upon the place was to be paid to the father during his lifetime in lieu of interest. After this arrangement, J. J. Nicholas exercised complete ownership over the property, made improvements upon it, and has ever since remained in possession.

With respect to the land claimed by F. L. Nicholas, the evidence fails to establish a parol gift to him prior to the first day of May, 1888, but, on the contrary, it appears that he was placed in possession of the lands, of which he now claims to be the owner, after that date.

The Circuit Court entered a decree which declares that Charles H. Nicholas, J. J. Nicholas and Frank L. Nicholas shall be quieted in the possession and ownership of the respective tracts of land held by them. From this decree George M. and W. S. Nicholas appealed.

We are of opinion that with respect to so much of the decree as confirms the title of Charles H. Nicholas and J. J. Nicholas

there is no error, but that the decree is erroneous in so far as it undertakes to establish the claim, and quiet the title, of Frank L. Nicholas to the "Home Place" of 230 acres; the evidence being too vague and indefinite to support his contention, which, in our judgment, is put to rest by section 2413 of the Code, which is as follows:

"*No estate of inheritance or freehold, or for a term of more than five years, in lands, shall be conveyed unless by deed or will, nor shall any voluntary partition of lands by coparceners, having such an estate therein, be made, except by deed; nor shall any right to a conveyance of any such estate or term in land accrue to the donee of the land or those claiming under him, under a gift or promise of gift of the same hereafter made and not in writing, although such gift or promise be followed by possession thereunder and improvement of the land by the donee, or those claiming under him.*"

The case before us is within the mischief aimed at by the section just quoted.

Section 2561, which treats of advancements to be brought into hotchpot, is in the following words:

"*Where any descendant of a person dying intestate as to his estate or any part thereof, shall have received from such intestate in his lifetime, or under his will, any estate, real or personal, by way of advancement, and he or any descendant of his, shall come into the partition and distribution of the estate with the other parceners and distributees, such advancement shall be brought into hotchpot with the whole estate, real and personal, descended or distributable, and thereupon such party shall be entitled to his proper portion of the estate, real and personal.*"

The two sections above quoted must be read together. "The true notion of an advancement is a giving by anticipation the whole or a part of what is supposed a child will be entitled to on the death of a parent." *Chinn* v. *Murray*, 4 Gratt. 397.

A gift then by a father to a child of real estate since the first of May, 1888, or a promise of a gift "hereafter made and not in writing, although such gift or promise be followed by possession thereunder and improvement of the land by the donee or those claiming under him," carries with it no right to a conveyance of the land to the donee. The terms of section 2413 seem necessarily to embrace such transactions as that under investigation, and the cases cited by the revisers in connection with that section show that gifts of land by a parent to a child were within the contemplation of those who prepared the section. *Burkholder* v. *Ludlam,* 30 Gratt. 255; *Stokes* v. *Oliver,* 76 Va. 72; *Grigsby* v. *Osborne,* 82 Va. 371.

Indeed, Judge Burks, one of the revisers, in speaking of the changes wrought by section 2413 of the Code, says: "Even a parol *gift of land,* if possession was taken by the donee and a large expenditure was made by him in improving the land, was treated in equity as a valid sale, and was allowed to be set up on oral testimony alone. This was a most prolific source of fraud.

"Voluntary partition, also, of land by coparceners, was considered as not within the operation of the statute requiring a *deed* to convey an estate of inheritance or freehold, and therefore partition by parol was upheld.

"In both of these instances the law was changed by the revision so as to require writing." Reports Va. State Bar Association, vol. 4 (1891), p. 117-8.

We are also of opinion that there is no error in the decree rejecting the claim of Frank L. Nicholas for board and attention to his father during his lifetime. The commissioner reported against this claim, the Circuit Court concurred with the commissioner, and the evidence is not such as to warrant us in reversing its decree upon this point. *Stoneburner* v. *Motley,* 95 Va. 784; and *Jackson* v. *Jackson,* 96 Va. 165.

The decree complained of should be reversed in so far as it

undertakes to establish the title of Frank L. Nicholas to the "Home Place," and in all other respects affirmed.

*Reversed in part.*

UPON A PETITION TO REHEAR, DECEMBER 4, 1902.

Upon a petition to rehear the decree of November 20, 1902, counsel for F. L. Nicholas has fallen into error in saying that this case was disposed of without an opportunity upon his part to present his views. The case was called on the 9th of September, 1902, at Staunton, and was submitted upon the petition of appellants, who were represented by Mr. Liggett, upon the brief of Messrs. Sipe & Harris on behalf of J. J. Nicholas, and that of Gen. John E. Roller, of counsel for F. L. Nicholas, with leave to file additional briefs on or before September 30th. Some time about the 20th of October, no additional briefs having been filed in accordance with the stipulation, the case was considered fully upon the record and briefs already filed, and the opinion was prepared. Very soon thereafter a letter was received from counsel calling attention to the leave reserved to file additional briefs, and asking that the cause be removed to Richmond and set down for oral argument. To this letter the reply was at once made, that the time within which, under the leave reserved, additional briefs could be filed had expired, and it was therefore supposed that counsel had abandoned the idea of filing them, that the opinion had been written, and the case was ready to be disposed of. It appears, then, that the views of all parties were presented to the court. Those of appellants in a full petition for appeal. Those of appellees upon briefs which set forth in a very sufficient manner the law and facts relied upon by them, and certainly it was not the fault of the court that additional briefs were not filed within the stipulated time.

We are of opinion that there is no error in the decree heretofore entered, and the petitions to rehear are denied.

VOL. C—84　　　　　　　*Rehearing refused.*