SMITH *v.* LULL.

SPECIFIC PERFORMANCE — CONTRACT TO BEQUEATH — EVIDENCE — SUFFICIENCY.

> On a bill by the heirs of an adopted child against the heirs and executor of the adoptive parents for specific performance of the contract of adoption, by the terms of which it is alleged the adoptive parents agreed to make the child their sole heir, evidence examined, and *held*, that the averments of the bill were not sufficiently supported, in view of the improbability that young married people of social and financial prominence, having many relatives, would make such an agreement in behalf of a child whose parents had but recently emigrated here from Europe, and about whose antecedents they could have known nothing.

Appeal from Genesee; Wisner, J. Submitted February 19, 1908. (Docket No. 132.) Decided March 31, 1908.

Bill by Albe W. Smith and others against Albe Lull, individually and as executor of the last will and testament of Albe A. Lull, deceased, and others, for the specific performance of a contract. From a decree dismissing the bill, complainants appeal. Affirmed.

*John M. Feier, Proctor K. Owens,* and *M. J. Lehman* (*Harrison Geer,* of counsel), for complainants.

*Aaron Perry, John H. Patterson,* and *Hugh Shepherd,* for defendants.

MOORE, J. This is a bill filed to secure the specific performance of an alleged contract. The case was tried in open court. The circuit judge dismissed the bill of complaint. The case is brought here by appeal. The complainants are the children and heirs at law of Mr. and Mrs. William H. Smith, deceased. Mrs. Smith was formerly Rose May Smithlin. The following averments are contained in the bill of complaint:

"That said Rose May Smithlin was the lawful and legal daughter of one Antone Smithlin, and came from Europe to America with her father in the year of 1853, or thereabouts, and lived here with her father and mother up to, on or about the 10th day of April, A. D. 1854, except the last few months immediately previous thereto, at which time, the said two months, she lived with her aunt in the city of Pontiac, Michigan, when her father, at the time aforesaid, to wit: the 10th day of April, A. D. 1854, and one Albe A. Lull, of the city of Pontiac, Oakland county, Michigan, and his wife, Clarissa Lull, entered into a written contract by and between each other and on behalf of said Rose May Smithlin, in fact and in substance as follows: That the said Albe A. Lull and his said wife, Clarissa Lull, agreed to, and did adopt said Rosa May Smithlin and rear, nurture and educate her, to provide and care well for her, and that she was to be as their own child and their lawful and legal heir, and at their death to receive all of the property, real, personal and mixed, for the sole benefit and use of said Rose May Smithlin, and her heirs and assigns, that they, said Albe A. Lull and his said wife, Clarissa Lull, at that time owned or might own at the time of their death, or either one of them. That in consideration thereof the said Rose May Smithlin, who was then at the age of five years, or thereabouts, was to give said Lull and his said wife her personal services, and to wait on them and perform work of every kind and character as requested by said Lull and his said wife, until the said Rose May Smithlin should be grown up or attain the age of womanhood.

"That said contract was duly signed by said Albe A. Lull and his said wife, Clarissa Lull, and also by the said Antone Smithlin, and that said papers were left in the possession of said Lull and his wife, and that they remained in their possession for a considerable length of time; and that your orators have been informed, verily believe and charge the fact to be that said contract remained in the possession of said Albe A. Lull up until the time of his death; that shortly after his death the executor of his estate, Albe Lull, took possession of all the papers, writings, contracts, documents and all other papers and writings belonging to said Albe A. Lull, and that your orators have been informed, verily believe and charge the fact to be that said contract above mentioned is still in the hands of Albe Lull, the executor of the estate of said

Albe A. Lull, and therefore it is impossible for your orators to set the contract up in full verbatim, or attach a true copy of the same to this amended bill of complaint, as an exhibit thereto.

"That relying upon said promises and agreement, and in pursuance to said contract as aforesaid, the said Rose May Smithlin lived at the house of Albe A. Lull and his said wife, Clarissa Lull, and gave them her services, as requested, daily and continuously, until she had grown up and attained the age of womanhood, when she was married to said William H. Smith with the consent of the said Albe A. Lull and his said wife. That the services so rendered by the said Rose May Smithlin, as aforesaid, cannot be enumerated specifically, but they consist of housework of every kind and character, all work in and about the house of every nature, required in house keeping and in running and maintaining a home, of sewing, washing, ironing, of care and nursing for said Albe A. Lull and his said wife, and much other and different kind of work done and performed outside of the dwelling house, in many and different ways and as requested by the said Albe A. Lull and his said wife.

"That before the said Rose May Smithlin was married to the said William H. Smith her marriage was fully discussed by all parties concerned in the house of the said Albe A. Lull, and that it was perfectly satisfactory to said Albe A. Lull and his said wife that the said Rose May Smithlin should marry the said William H. Smith, and that they fully and freely consented to the same.

"That said Rose May Smithlin, relying upon said promises and agreements, and in pursuance to said contract, did in all respects, honestly, conscientiously, faithfully and diligently perform all of the conditions upon her to perform and fully carried out her part of the contract."

The record discloses that Albe A. Lull was born June 13, 1817. He died December 10, 1904. Clarissa G. Lull, his wife, was born March 16, 1819. She died May 25, 1890. Albe A. and Clarissa G. Lull were married October 12, 1841. A son was born to them June 4, 1858, and died July 12, 1858. No other children were ever born to them. Mr. Lull for more than half a century was one of the most prominent men in the city of Pontiac.

Though he had no children besides the one referred to above, he had a good many relatives to whom he and Mrs. Lull were greatly attached. The record shows that Rose May Smithlin was an inmate of Mr. Lull's house for a good many years. She was sent to school by the Lulls, and was clothed by them and was married from their residence. Before his death, Mr. Lull made a will in which he gave his property to a good many different persons. He made provision for payments of various sorts. He remembered the church very generously with which he and Mrs. Lull had been associated a great many years. He also made the following provisions for complainants:

"To Albe W. Smith, now of Detroit, Michigan, I give and bequeath the sum of Two Thousand Dollars in trust for the use and benefit of his brother, Darwin T. Smith; and the said trustee shall use so much of said funds and the net income therefrom as may be reasonably necessary for the support, education and maintenance of the said Darwin T. Smith, until he shall arrive at the age of twenty-one years.

"And it is my wish, although I do not make it as an absolute requirement, that during school vacations, and in fact, whenever the said Darwin T. Smith shall not be in attendance at school, that the said trustee shall secure some useful employment for him and keep him actually employed in some useful business, occupation or pursuit. It is also my earnest wish, although I do not make it an absolute requirement, that said Darwin T. Smith shall at least complete a good high school education. When the said Darwin T. Smith shall arrive at the age of twenty-one years, the said trustee shall transfer to him whatever shall be left of the said funds, the same to be then his absolute property forever.

"To Albe W. Smith, Augustus L. Smith and George Moseman Smith, children of William H. Smith, I hereby give and bequeath each the sum of One Thousand Dollars, being Three Thousand Dollars to all."

No writing which evidenced the arrangement by which Rose May Smithlin became an inmate of Mr. Lull's family was produced upon the trial, and it was shown by the

persons having the custody of Mr. Lull's papers after his death, that no such paper as the one mentioned in the bill of complaint was found among his effects. Complainants' case depends almost wholly upon the recollection of a man who at the time he says he heard the conversation that led to the taking of Rose, in 1854, was but nine years old. He testified that no paper was left with the father of Rose, that the written agreement which was made was taken away by Mr. Lull. Another witness, Mary Davis, claims she overheard a conversation between Mrs. Lull and Rose in accordance with complainants' theory in this case.

The trial judge when he rendered his decision analyzed the testimony of the witnesses at great length, and showed very conclusively that the testimony tending to establish the averments of the bill is very unsatisfactory. The same reasons which appealed to him appeal to us.

While a fair inference may be drawn from the testimony that Mr. and Mrs. Lull agreed to make Rose Smithlin a member of their family, to clothe and school her and treat her well, it is not established that they agreed to make her their sole heir at law. The theory of the complainants is simply unbelievable. Mr. and Mrs. Lull were comparatively young people in 1854. A child was born to them after that date. They had many relatives. They were people of social prominence. Mr. Lull had already demonstrated his ability as a business man. He had accumulated some property and later accumulated a good deal more. It is not probable that under such circumstances he took a child from a father who did not speak English, and who had not been long enough in this country so that Mr. and Mrs. Lull could know anything of the antecedents of the family, and in disregard of the duty which he owed to others then in existence, and to the possibilities of the future, agreed to make this child, whom he scarcely knew, his sole heir. Mr. and Mrs. Lull were good to this child, which they gave a good home. Mr. Lull provided generously in his last will for her chil-

dren.    There is nothing in the record to indicate that Mr. and Mrs. Lull did not discharge their fullest duty to Rose May Smithlin.   See the following authorities which bear upon the question of what is necessary to prove before a claim of the character which is asserted here can be regarded as established :   *Wright* v. *Wright,* 31 Mich. 380; *Chambers* v. *Livermore,* 15 Mich. 381; *McMurtrie* v. *Bennette,* Har. Ch. (Mich.) 124; *Smith* v. *Lawrence,* 15 Mich. 499; *Wilson* v. *Wilson,* 6 Mich. 9, and note; *Brown* v. *Brown,* 47 Mich. 378, 385; Waterman on Specific Performance, § 41; *Shakespeare* v. *Markham,* 10 Hun (N. Y.), 311; *Bowen* v. *Bowen,* 2 Bradf. (N. Y.) 336; *Williams* v. *Hutchinson,* 3 N. Y. 312; *Robinson* v. *Raynor,* 28 N. Y. 494; *Parsell* v. *Stryker,* 41 N. Y. 480; *Lisk* v. *Sherman,* 25 Barb. (N. Y.) 433; *Cox* v. *Cox,* 26 Grat. (Va.) 305; *Sprinkle* v. *Hayworth,* 26 Grat. (Va.) 384; Pomeroy on Specific Performance (2d Ed.), p. 268; *Shellhammer* v. *Ashbaugh,* 83 Pa. 24; *Edwards* v. *Morgan,* 100 Pa. 330; *Griggsby* v. *Osborn,* 82 Va. 371; *Beall* v. *Clark,* 71 Ga. 818; *Russell* v. *Switzer,* 63 Ga. 711; *Woods* v. *Evans,* 113 Ill. 186; *Wallace* v. *Rappleye,* 103 Ill. 229; *Brown* v. *Brown,* 29 Hun (N. Y.) 498; *McKinnon* v. *McKinnon,* 46 Fed. 713; *Hanly* v. *Hanly,* 105 App. Div. (N. Y.) 335; *Hamlin* v. *Stevens,* 177 N. Y. 39; *Pattat* v. *Pattat,* 93 App. Div. (N. Y.) 102; *Gall* v. *Gall,* 64 Hun (N. Y.), 600.

The decree of the court below is affirmed, with costs.

GRANT, C. J., and MONTGOMERY and OSTRANDER, JJ., concurred.   BLAIR, J., concurred in the result.