# CHARLESTON.

### Nuzum v. McEldowny.

Submitted September 26, 1898—Decided April 1, 1899.

TAX SALES—*Sheriff's Affidavit—Deed.*
> A case in which the questions arising were discussed and adjudicated in *Winning* v. *Eakin*, 44 W. Va. 19   (p. 208).

Appeal from Circuit Court, Wetzel County.
Suit by Cassie C. Nuzum against John C. McEldowney. Decree for plaintiff, and defendant appeals.

*Reversed.*

ROBERT McELDOWNEY, for appellant.
BASIL T. BOWERS, for appellee.

McWHORTER, JUDGE:

This is a suit brought in the circuit court of Wetzel County by Cassie C. Nuzum to set aside a tax deed made by the clerk of the county court of Wetzel County to John C. McEldowney for certain real estate sold by the sheriff of that county on December 11, 1893, for the taxes of the year 1891, which had been returned delinquent. A decree was entered in the cause on the 6th day of July, 1896, holding the deed null and void for alleged irregularities in the sale made by the sheriff, and setting aside the deed, as well as the sale under which it was made, and giving judgment against defendant for costs, from which decree defendant appealed to this Court. The same questions arising in this cause were adjudicated in the case of *Winning* v. *Eakin*, 44 W. Va. 19, (28 S. E. 757), which was an

appeal from a similar decree rendered on the same day by the same court, setting aside a deed under a sale made by the sheriff at the same time the sale was made under which the deed sought to be set aside in this cause was made. After the decision of this Court in the said case, which was rendered on the 17th day of November, 1897, where the points raised in the case are fully discussed, the appellee recognizing the fact of such adjudication, by her counsel, says: "My client declines to have a brief filed in her case, for the reasons that she is poor, and unable, without sacrifice, to pay for printing same, and the same questions arising in her case have already been passed upon by the Court in the case of *Eakin* v. *Winning,* adversely to her contention in her case." This being true, I deem it quite unnecessary in this case to discuss and pass upon questions that have been already adjudicated. For the reasons assigned in *Winning* v. *Eakin, supra,* the decree in this cause is reversed and set aside, and plaintiff's bill dismissed.

*Reversed.*