# CHARLESTON

.HORNAGE *v.* IMBODEN.

Submitted January 17, 1905. Decided February 14, 1905.

1. TAX SALE.
   Failure to make out and swear to a list of lands delinquent for taxes by the first Monday in June, as required by Code, 1887, chapter 30, section 18, will not invalidate a deed under a tax sale. (p. 207.)

2. TAX SALE.
   Failure to post a list of lands delinquent for taxes as required by section 20, chapter 30, Code 1887, will not invalidate a tax deed. (p. 207.)

3. TAX SALE—*Irregularities Cured by Deed.*
   Failure to present a list of lands delinquent for taxes to the county court at the levy term as required by Code 1887, chapter 30, section 21, and presenting it at a later term, will not invalidate a tax deed. (p. 208.)

4. TAX SALE.
   The fact that a list of lands delinquent for taxes was acted on at a special term of a county court, in the call for which no reference was made to action on such· list, will not invalidate a tax deed. (p. 208.)

5. TAX SALE—*Delinquent Lands.*
   A report of sales of delinquent lands was not required by Code 1887, chapter 31, sections 10 and 12, to have a column for the day of sale, or to state the particular day of sale. (p. 209.)

6. TAX SALE—*Irregularities Cured by Deed.*
   The fact that an affidavit to a list of sales of delinquent land contains no venue and does not show of what county the notary is a notary will not invalidate a tax deed. (p. 210.)

Appeal from Circuit Court, Fayette County.

Bill by George Hornage and others against G. W. Emboden and others. Decree for defendants, and plaintiffs appeal.

*Affirmed.*

DILLON & NUCKALLS, for appellants.

A. N. CAMPBELL and E. M. McPEAK, for appellees.

BRANNON, PRESIDENT:

Six tracts of land, in all six hundred and thirty-six acres, were sold in 1897 for taxes for 1895 and 1896, in Fayette county in the name of Gersham Bulkley, and purchased by G. W. Imboden and J. R. Koontz, and George Hornage and H. V. J. Swain, claiming as owners of the land under Bulkley, brought a chancery suit to set aside the tax deed made under said tax sale, and the court having dismissed the bill Hornage and Swain appeal.

One ground of assault upon the tax deed is, that the sheriff did not make out and swear to the delinquent lists before the first Monday in June as required by section 18, chapter 30, Code 1887, but delayed so doing until August. From this it is argued that there were legally no delinquent lists, and no delinquency. *State* v. *McEldowney*, 54 W. Va. 695, holds that this defect is cured by Code, chapter 31, section 25, and close of opinion in *Starr* v. *Sampselle*, 47 S. E. 258.

Another ground of assault on the tax deed is, that the delinquent lists were not posted as required by Code, section 20, chapter 30. The only evidence of such failure is that the affidavits to the lists are dated 6th and 23rd of August, the same date of their presentation to the county court, and it is thence inferred that the lists had not been posted before those dates. It may be, and likely is, the case that they were posted before being sworn to. I hardly think this would matter, as they would be notice. By section 14, chapter 55, Acts 1875, it is provided that the list should be posted "after being verified as aforesaid;" thus requiring a sworn list to he posted; but section 20, chapter 30, Code 1887, providing for posting, has no such provision. Chapter 13, Acts 1881, left that clause out, and it has ever since been out. The change means something. It does not seem probable that

the Legislature would require the sheriff to swear to the list until he presented it to the court. He can collect up to that time. What if he should swear long before court, and collect afterward? He would not be guilty of perjury. The Codes of 1887 and 1899 say that "the sheriff or collector returning such list" shall make the affidavit. What is "returning"? I think it is the delivery of the delinquent list to the court. As to the list of lands improperly charged it says the sheriff "on returning" it shall make its affidavit. Both provisions mean the same. Besides this, failure to post will not over-throw the deed. Section 25, chapter 31, Code 1887, has the broad provision that no irregularity in the proceedings under which the sale is made shall affect it, unless it appear on the face of the proceedings in the clerk's office. The law does not require the posting to so appear. The omission does not so appear. *Flanagan Case*, 10 Grat. 421.

Another ground of assault on the deed is, that the sheriff did not return the delinquent lists to the July term of the county court, that being the levy term, as required by Code, chapter 30, section 21. I think that as this relates to the time of the return, it is an irregularity in the "return" of the delinquent list cured by the letter of section 25, as held in *State* v. *McEldowney*. It says that "no irregularity, error or mistake in the delinquent list, or the return thereof, or the affidavit," shall invalidate or affect the deed. We may surely say that the act of delivery of the list to the court is a part of the act of the "return" of the list, and the omis-sion to make the delivery to a particular term of court is covered by the words "irregularity, error or mistake." Those words signify an assiduous intent to cure such a de-fect. It could not be plainer, unless the law should say in words that failure to return at a particular term should not harm the deed.

Another ground for assault upon the deed is, that the de-linquent lists were presented to the county court at a special term in August, and that the call for it did not embrace action upon such lists. It is contended that the delinquent lists were never approved by the county court, and therefore there were never any legal delinquent lists, because the court which acted upon them was without jurisdiction to act upon them. It is true that it has been held that a special session of a county

court can act only on the subjects specified in the call for the session, and this is jurisdictional, that is, action upon other matters is action without jurisdiction. *Hamilton* v. *County Court*, 38 W. Va. 71. But we must not here forget the broad curative provisions of section 25, chapter 31, Code 1887. It says that an irregularity shall not invalidate a sale, unless it be such "as materially to prejudice and mislead the owner of the real estate so sold as to what portion of his real estate was so sold, and when and for what year or years it was sold, or the name of the purchaser thereof; and not then, unless it be clearly proved to the court or jury trying the case that but for such irregularity the former owner would have redeemed the land." I have said that so far as concerns the time or term of return a defect is cured; and therefore we have now the single question whether this special term feature will kill the sale. Does the fact that the return was to a special term not called to act on such lists materially prejudice and mislead the owner in the respects specified in the statute? And, further, does it appear that but for the return of lists to such a term the owner would have redeemed? It has not been shown by oral evidence that but for this defect he would have redeemed; but granting that under *McAllister* v. *Cattrille*, 24 W. Va. 173, such evidence cannot be demanded of the owner, we must see that the defect is such as misled the owner and prevented redemption. We cannot see that the defect is such. Can we realize that the mere fact that the lists went before a special term rather than a regular term misled the owner and prevented redemption? And is not this irregularity cured also by the words of section 25 above given that "no irregularity, error or mistake in the delinquent list or the return thereof" shall invalidate the tax deed? This defect relates to the return of the list; the court action is a part of it; the return is not complete without it.

Another ground of assault upon the deed is, that the sale report does not show the date of sale. Code, 1887, chapter 31, section 49, does not require the list of sales to show the day of sale. The sheriff seems to have used a form formerly used giving a column headed "date of each sale," the law formerly requiring that column; but the form given in the statute as it was at the date of this sale did not contain that

column. The caption says that the sale was in the month of December, 1897, complying with the then statute. The omission to put the day of sale in the useless column does not affect the sale. Besides, section 25 says no irregularity in the sale list shall impair the deed. And again the omission to state the day in that column cannot be held to have misled the owner and prevented redemption.

Another ground of assault on the deed is, that the sheriff failed to append an affidavit to the sale list. This is predicated on the sole ground that the notary's certificate does not show of what county he is a notary, has no venue of county, and does not show that the oath was administered in his county. Why this objection? The letter of section 25 says that no defect in the affidavit will avail. But without regard to the statute, it is doubtful whether the affidavit is bad. Want of venue does not destroy an affidavit, if it appear of what county the notary is an officer. *Kesler* v. *Lapham*, 46 W. Va. 293. The list is a sale list for Fayette county, and the affidavit recites that McVey is sheriff of that county, and we can look to other parts of the paper than the jurat to collect of what county Tansill was notary. *Carpenter* v. *Dexter*, 8 Wall. 513, 529. But very plainly this error is cured by the statute.

We will affirm the decree.

*Affirmed.*